# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60216
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN DEDUAL, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CR-79-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Steven Dedual, Jr., pleaded guilty to one count of accessing with intent to view child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). He was sentenced to 159 months of imprisonment and 10 years of supervised release. In addition, he was ordered to pay, inter alia, a $5,000 assessment pursuant to the Justice for Victims of Trafficking Act (JVTA), 18 U.S.C. § 3014.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60216

Dedual raises two issues on appeal.  He argues that the district court erred by applying a five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B), which resulted in a procedurally unreasonable sentence.  He also argues that the district court erred by imposing the $5,000 JVTA assessment.

We review the district court's factual findings for clear error and its interpretation or application of the Guidelines de novo.  *United States v. Halverson*, 897 F.3d 645, 651 (5th Cir. 2018).  Under § 2G2.2(b)(3)(B), a defendant's base offense level for a child pornography offense is increased by five levels "[i]f the defendant distributed [child pornography] in exchange for any valuable consideration, but not for pecuniary gain."  Section 2G2.2(b)(3)(B) was amended in 2016, and we had not expressly addressed the amendment at the time of Dedual's sentencing.  However, after Dedual was sentenced, we addressed the amendment and held that the "new test" under amended § 2G2.2(b)(3)(B) "requires a court to find: (1) the defendant agreed to an exchange with another person, (2) the defendant knowingly distributed child pornography to that person (3) for the purpose of obtaining something of valuable consideration, and (4) the valuable consideration came from that person."  *Halverson*, 897 F.3d at 652.  We also recognized that, under the amended Guideline, the Government must prove that valuable consideration came from the person to whom the defendant distributed child pornography.  *See id.* at 651-52.

We do not decide whether the district court procedurally erred by imposing the enhancement, however, because even if there was error, the error was harmless.  Although the district court did not state that it considered Dedual's guidelines range without the enhancement, the district court explicitly stated that even if the guidelines range was improperly calculated or

Dedual's objection to the enhancement was improperly resolved, it "would impose the same sentence as a variance or nonguideline sentence based upon the offense conduct in this case, the characteristics of the defendant and other [18 U.S.C. §] 3553(a) factors" discussed at sentencing. Under the circumstances, and in light of the district court's "clarity of intent" to impose the same sentence even if a lower guidelines range applied, *Halverson*, 897 F.3d at 652 (internal quotation marks and citation omitted), any error in applying the enhancement was harmless.

As for his challenge to the imposition of the $5,000 JVTA assessment, Dedual argues that the district court erred by finding that he had the future capacity to pay the assessment even though he currently is indigent. He also asserts that he is unlikely to have sufficient income to satisfy his financial needs after his release.

Under the provisions of the JVTA, the district court is required to impose a $5,000 assessment on "any non-indigent person" convicted of, inter alia, certain child pornography offenses. § 3014(a). Whether a defendant is a "non-indigent person" under the statute is a factual question reviewed for clear error; whether the district court applied the correct legal standard in assessing a defendant's non-indigence is a question of law that is reviewed de novo. *United States v. Graves*, 908 F.3d 137, 139, 140 (5th Cir. 2018).

As we recently explained in *Graves*, a district court does not apply the wrong legal standard in assessing a defendant's "non-indigence" for purposes of § 3014 by considering a defendant's future earning ability. *Id.* at 141-43. Thus, the district court did not err by doing so in this case. Nor was the district court's factual finding that Dedual was a "non-indigent person" clearly erroneous in light of the record as a whole. The district court's finding was based in part on Dedual's education and work history, which reflected, inter

alia, that prior to his involvement in the instant offense, Dedual made over $5,000 per month as a sales manager and was capable of obtaining and maintaining employment. While we are mindful of the possibility that Dedual may have difficulty in satisfying all of his financial obligations after he is released from prison, the district court's finding that Dedual is a "non-indigent person" for purposes of the JVTA does not leave us "with the definite and firm conviction that a mistake has been made." *Graves*, 908 F.3d at 144 (internal quotation marks and citation omitted).

The judgment of the district court is AFFIRMED. However, we remand the case to the district court for the limited purpose of correcting the judgment to reflect the correct statute of conviction. FED. R. CRIM. P. 36. Dedual was charged with and pleaded guilty to violating § 2252(a)(4)(B), but the judgment identifies the statute of conviction as § 2252(s)(4)(B).

AFFIRMED; LIMITED REMAND to correct clerical error in the judgment.